N. E. 189. From that moment defendants' possession was wrongful.

[4] From the submission it appears that the flour was destroyed by worms after December 20th. Nothing is stated from which any inference can be drawn that such destruction was due to any inherent condition of the flour rather than to dampness or some cause arising from a defect in the place of storage. These facts justify a presumption of negligence on defendants' part. J. Russell Mfg. Co. v. New Haven Steamboat Co., 50 N. Y. 121; Ouderkirk v. Central National Bank of Troy, 119 N. Y. 263, 23 N. E. 875; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999, 43 Am. St. Rep. 725.

The foregoing views lead to judgment for the plaintiff for the sum of $405, the stipulated value of the flour, with interest from December 20, 1910, but, as agreed in the submission, without costs. All concur.

═══════════

### MacDONNELL v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

DISMISSAL AND NONSUIT (§ 71*) — DILIGENCE IN PROSECUTION — BURDEN OF PROOF.

Where it is moved to dismiss a complaint for unreasonable neglect to prosecute, the burden of establishing sufficient and reasonable grounds for delay is upon the plaintiff.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 165, 166; Dec. Dig. § 71.*]

Appeal from Special Term, New York County.

Action by Allan G. Macdonnell against the Press Publishing Company. From an order denying a motion to dismiss the complaint for reasonable neglect to prosecute, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Howard Taylor, of New York City (Charles B. Brophy, of New York City, of counsel), for appellant.

John Thomas Smith, of New York City (Frank A. Gaynor, of New York City, of counsel), for respondent.

PER CURIAM. This is an action for an alleged libel published December 1, 1908. The case was tried March 21 and 22, 1911, and a verdict directed for the defendant. An appeal was taken to this court and the judgment was reversed and a new trial ordered in May, 1912. 150 App. Div. 918, 135 N. Y. Supp. 822.

The moving affidavit avers that, since the entering of the order granting a new trial, plaintiff has taken no steps whatever to place this case upon the trial calendar, although, under the rules and practice, the case could have been immediately placed upon the calendar and pressed to trial, and that junior issues have been tried. The motion was made on a notice dated November 19, 1913. It has been many

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

times held that the burden is upon the party moved against to establish sufficient and reasonable grounds for his delay. We are of the opinion that the plaintiff has not sustained that burden.

·The order appealed from is therefore reversed, with $10 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with costs.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.